# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MANETIONY CLERVRAIN, *et al.* <br> Plaintiff, <br> v. <br> ANN BROWN, *et al.* <br> Defendants. | Case No. 1:22-cv-00004-JMK |

## ORDER OF DISMISSAL

On March 31, 2022, self-represented litigant Manetiony Clervrain, a former federal prisoner, previously incarcerated at the Moore Detention Center in Okmulgee, Oklahoma,[1] filed a civil rights action pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, along with an Application to Proceed in District Court without Prepaying Fees or Costs.[2] The Complaint names forty-two co-plaintiffs and sixty-eight defendants.[3] At Docket 5, Mr. Clervrain submits a Notice of Appearance of Counsel, which asserts he is admitted or authorized to practice before the Court and an exhibit which grants him power of attorney for Plaintiff Alex Felix. Additionally, Mr. Clervrain filed thirteen motions, each of which reference self-

---

[1] *Clervrain v. Lee*, No. 3:20-CV-548-TAV-DCP, 2021 WL 141793, at 1 (E.D. Tenn. Jan. 14, 2021).

[2] Docket 1 & 6.

[3] Docket 1.

created statutes or legal constructs such as, "Massive Issues ['*Right Aggravated*'] Treatment Act," "the Answer Act," "the Ant(s) Community Act," the "Settlement Agreement(s) Against Secretive Criminals," "the National Regulatory Treaties Act," "the Ant(s) Freedom Act," and "the Ant(s) Reform Multiplicity Act."[4]

The Court takes judicial notice that Mr. Clervrain has an extensive history of filing frivolous lawsuits in numerous other districts.[5] He appears to have filed 197 cases with varying United States District Courts between October 2012 to June 2022.[6] All of the complaints appear to include "nothing more than unintelligible statements and allegations that are difficult to follow, frivolous, or otherwise clearly devoid of merit."[7]

This Complaint, like the others Mr. Clervrain has filed, "while perfectly legible, is entirely nonsensical."[8] The Complaint alleges that after Mr. Clervrain

---

[4] Dockets 2–4, 7–16.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[6] *In Re: Manetirony Clervrain*, Case No. 1:22-mc-00018-TRM, Docket 1 (E.D. Tenn. June 23, 2022) (Injunction Order).

[7] *Clervrain v. Bevin*, No. 19-5232, Doc. 13-2 at 2 (6th Cir. Jul. 18, 2019).

[8] *Clervrain v. Lee*, No. 3:20-CV-548-TAV-DCP, 2021 WL 141793, at 1 (E.D. Tenn. Jan. 14, 2021).

1:22-cv-00004-JMK, *Clervrain et al. v. Brown et al.*
Order of Dismissal
Page 2 of 9
Case 1:22-cv-00004-JMK   Document 17   Filed 08/01/22   Page 2 of 9

was released from prison, Defendants engaged in an "extensive conspiracy involv[ing] the violation [of] the Banking industry," in order to prevent him from opening a bank account or obtaining credit cards.[9] He further alleges discrimination based on national origin though without supporting facts. Mr. Clervrain's narrative includes winding discussions of the deference standards for judicial review of federal agencies, the Federal Tort Claims Act, subject matter jurisdiction, in addition to his own self-created statutes.[10] He claims that Defendants have failed to invade the Republic of Haiti and have committed crimes against humanity in Haiti.[11] He incoherently references an "Ant Library Act" and rails against the "unreasonable Classification by the Giants."[12]

For relief, Mr. Clervrain alleges damages in excess of $100,000,000,000 in addition to $100,000,000 per defendant involved in "the conspiracy."[13]

---

[9] Docket 1 at 5.

[10] Docket 1 at 5–6.

[11] Docket 1 at 9.

[12] Docket 1 at 6.

[13] Docket 1 at 12.

1:22-cv-00004-JMK, *Clervrain et al. v. Brown et al.*
Order of Dismissal
Page 3 of 9
Case 1:22-cv-00004-JMK   Document 17   Filed 08/01/22   Page 3 of 9

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status.[14] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[15]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[17] Before a court may dismiss any portion

---

[14] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that the relevant law, 28 U.S.C. § 1915(e) "applies to all [IFP] complaints," and not just those filed by prisoners).

[15] 28 U.S.C. § 1915(e)(2)(B).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[17] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[18] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[19]

## DISCUSSION

Mr. Clervrain fails to state a claim upon which relief may be granted and pleads a frivolous civil action. The Complaint fails to state a claim pursuant to Rule 8 of Federal Civil Procedure. Plaintiff's pleadings are conclusory assertions that lack sufficient plausible factual details for this Court to adequately draw an inference of liability. Furthermore, the action lacks an arguable basis in either law or fact. For the reasons provided below, amendment is futile, and, therefore, the Court will not grant leave to amend.

### I. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]" A complaint should set out each claim for relief

---

[18] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[19] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

1:22-cv-00004-JMK, *Clervrain et al. v. Brown et al.*
Order of Dismissal
Page 5 of 9
Case 1:22-cv-00004-JMK   Document 17   Filed 08/01/22   Page 5 of 9

separately. Each claim should identify: (1) the specific harm that Plaintiff is alleging has occurred to him; (2) when that harm occurred; (3) where that harm was caused; and (4) who he is alleging caused that specific harm to him.

Factual allegations may not be speculative but must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[21] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[22] A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

As the Seventh Circuit noted, "Judges are not like pigs, hunting for truffles buried in briefs."[23] The Complaint sets forth many pages of sprawling narrative. However, the Complaint is devoid of the essential explanation of who, what, where, and how Defendants caused Mr. Clervrain harm. Moreover, the Complaint provides a mix of irrelevant discussion on deference standards, Congressional

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[21] *Id.*

[22] *Id.* (internal citations and quotations omitted).

[23] *U.S. v. Dunkel*, 927 F.2d 955, 965 (7th Cir. 1991).

1:22-cv-00004-JMK, *Clervrain et al. v. Brown et al.*
Order of Dismissal
Page 6 of 9
Case 1:22-cv-00004-JMK   Document 17   Filed 08/01/22   Page 6 of 9

intent, and various federal statutes with self-created "law" that does not exist in American jurisprudence. Even taken as a whole and construed liberally, the Court cannot decipher a sufficient, plausible theory or even singular facts that would support a legal claim—let alone a civil rights claim under federal law. Accordingly, Mr. Clervrain fails to state a claim upon which relief may be granted, and the Complaint must be dismissed.

II.     **Frivolousness**

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[24] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis either in law or in fact."[25] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[26] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[27]

---

[24] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[25] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[26] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[27] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

1:22-cv-00004-JMK, *Clervrain et al. v. Brown et al.*
Order of Dismissal
Page 7 of 9
Case 1:22-cv-00004-JMK   Document 17   Filed 08/01/22   Page 7 of 9

As discussed above, the Complaint fails to state a claim, but moreover, the Complaint lacks an arguable basis in law or fact. The Complaint is fanciful, fantastic and delusional. Mr. Clervrain references non-existent laws about ants and giants, rails against a fictional invasion of Haiti and alleges vast conspiracies involving banks and the "education system."[28] Though this Complaint appears to be the first of its kind that Mr. Clervrain has filed in a federal district, a search of federal dockets reveals he has filed similarly incoherent complaints in numerous districts in Tennessee, New Mexico, Wyoming, and others.[29] As such, Mr. Clervrain's action is frivolous. Therefore, the action must be dismissed with prejudice for frivolousness.

## III. Futility of Amendment

This action lacks any plausible legal or factual claim and is part of a long line of similarly incomprehensible civil lawsuits. Mr. Clervrain has previously litigated similar claims of violations of similar self-created statutes in several jurisdictions, making them frivolous. "A district court may deny leave to amend when

---

[28] Docket 1 at 7.

[29] *In Re: Manetirony Clervrain*, Case No. 1:22-mc-00018-TRM, Docket 1 (E.D. Tenn. June 23, 2022) (Injunction Order); *Clervrain v. Rodriguez*, Case No. 22-CV-110-SWS, Docket 15 (D. Wyo. May 18, 2022) (Order of Dismissal); *Clervrain v. United States*, Case No. 1:22-cv-00342-MV-LF, Docket 6 (D.N.M. June 16, 2022) (Order of Dismissal).

1:22-cv-00004-JMK, *Clervrain et al. v. Brown et al.*
Order of Dismissal
Page 8 of 9
Case 1:22-cv-00004-JMK   Document 17   Filed 08/01/22   Page 8 of 9

amendment would be futile."[30] No other facts could remedy the deficiencies of this action.[31] Therefore, amendment is futile.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE** for failure to state a claim, frivolousness, and the futility of amendment.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska, this 1st day of August, 2022.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[30] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

[31] *Supra* note 19.

1:22-cv-00004-JMK, *Clervrain et al. v. Brown et al.*
Order of Dismissal
Page 9 of 9
Case 1:22-cv-00004-JMK   Document 17   Filed 08/01/22   Page 9 of 9